United States District Court
Southern District of Texas
**ENTERED**
November 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OSCAR NORIEGA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00242 |
| | § | |
| SHERIFF OSCAR RIVERA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Oscar Noriega, Jr. ("Plaintiff"), a Texas state inmate now confined at the Texas Department of Criminal Justice-Correctional Institutions Division's Garza West Unit in Beeville, Texas, has filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This case has been referred to the undersigned pursuant for pretrial management and recommendations on dispositive matters, pursuant to 28 U.S.C. § 636.

The Court issued a Notice of Deficient Pleading on September 25, 2022, notifying Plaintiff that he must either submit the filing fee of $402.00 or submit a fully completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. (Doc. No. 5.) Plaintiff was warned that failure to comply with the Notice of Deficient Pleading within 30 days may result in his case being dismissed for want of prosecution. *Id.* Plaintiff did not respond.

On October 31, 2023, the Court issued a show-cause order, directing Plaintiff to submit the requested information by November 20, 2023 and warned Plaintiff that failure to comply

would result in dismissal of his case.  (Doc. No. 6.)  Plaintiff has not responded to this order, either.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.").  To date, Plaintiff has not satisfied the requirements to pursue his 42 U.S.C. § 1983 case.  The Court has twice advised Plaintiff, through a Notice of Deficient Pleading and the show-cause order, that this action would be dismissed if he failed to comply with these court orders.  (Doc. Nos. 5, 6.)  Plaintiff has repeatedly failed to follow court orders by either paying the filing fee or submitting the required information in support of an application to proceed *in forma pauperis*.  Plaintiff received warnings that this failure may result in the dismissal of this action.  For these reasons, the undersigned finds that the dismissal of this case is appropriate.

Accordingly, the undersigned recommends that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on November 29, 2023.

                                             MITCHEL NEUROCK
                                             United States Magistrate Judge